In re Phally LANG, Debtor.

Bank of New York Mellon, f.k.a. Bank of New York, Plaintiff–Appellant,

v.

Phally Lang, Defendant–Appellee.

No. 14–11373

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Oct. 15, 2015.

Craig Goldblatt, Danielle Spinelli, Wilmer Cutler Pickering Hale & Dorr, LLP, Washington, DC Daniel F. Blanks, Emily Y. Rottmann, McGuire Woods, LLP, Jacksonville, FL, Plaintiff–Appellant.

Earl Warren Parker, Jr., Jacksonville, FL, Debtor.

Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

In *Bank of N.Y. Mellon v. Lang (In re Lang)*, 580 Fed.Appx. 890 (11th Cir.2014), this Court affirmed the district court's affirmance of the bankruptcy court's order voiding a wholly unsecured second priority lien on residential property owned by a Chapter 7 debtor. In doing so, the panel relied on existing precedent in *McNeal v. GMAC Morg., LLC (In re McNeal)*, 735 F.3d 1263 (11th Cir.2012), and in *Folendore v. United States Small Bus. Admin.*, 862 F.2d 1537 (11th Cir.1989), in which this Court concluded that an allowed claim that was wholly unsecured was voidable under section 506(d).

The Supreme Court has now granted *certiorari*, vacated our judgment, and re-manded the case to us for further consideration in the light of its decision in *Bank of America, N.A. v. Caulkett*, —— U.S. ——, 135 S.Ct. 1995, 192 L.Ed.2d 52 (2015).

In *Caulkett*, the Supreme Court concluded expressly that "a debtor in a Chapter 7 bankruptcy proceeding may *not* void a junior mortgage lien under § 506(d) when the debt owed on a senior mortgage lien exceeds the current value of the collateral." *Id.* (emphasis added). As a result, this Court's decisions in *McNeal* and in *Folendore* are no longer good law. *See Bank of Am., N.A. v. Waits (In re Waits)*, 793 F.3d 1267, 1268 (11th Cir.2015).

Accordingly, we deny Appellant's motion for summary reversal, vacate the district court's judgment, and remand the case for further proceedings consistent with *Caulkett* and with this opinion.

VACATED AND REMANDED.